Franklin Insurance Company, who had, in fact, deposited ·the money.

Mr. Coxe and Mr. Key, for defendant, objected that the witness was interested, because he is chargeable for the loss if the plaintiffs should not recover it of this defendant.

But THE COURT (CRANCH, Chief Judge, doubting) permitted him to be examined, without a release from the plaintiffs.

The witness, when examined, had no distinct recollection that the deposit, on the 14th of December, 1822, was made ·by the Franklin Company, although the original entry of that deposit, to the credit of that company, was in his handwriting.

Mr. Key, for defendant, contended, .and THE COURT decided, ·that the testimony of the witness, as to that fact, is not evidence unless the witness has a recollection of the fact, his memory being refreshed by his own memorandum.

## Case No. 10,809.

### PATRIOTIC BANK v. LITTLE.

[2 Cranch, C. C. 627.] 1

Circuit Court, District of Columbia. Dec. Term, 1825.

EVIDENCE—SECONDARY—LOST .NOTE.

If a promissory note, with a blank indorsement, be put into the hands of an attorney for collection, and he die, and the ·note cannot be found after diligent search among his papers, secondary evidence may be given of the contents of the note.

Assumpsit against [Israel Little] the maker of a promissory note.

The plaintiff proved that the note, with a blank indorsement, was, after it was payable, put into the hands of Mr. Law, the plaintiff's attorney, for collection; that Mr. Law died, and the note, after diligent search among his papers, could not be found. ·

Mr. Morfit and Mr. Key, for defendant, objected to the admission of secondary evidence of the contents of the note, and cited Poole v. Smith, Holt, N. P. 144; Miller v. Race, 1 Burrows, 452; Lawson v. Weston, 4 Esp. 56; Pierson v. Hutchinson, 2 Camp. 211; Ex parte Greenway, 6 Ves. 812; Hart v. King, 12 Mod. 310; Davis v. Dodd, 4 Taunt. 602; Wright v. Hencock, 3 Munf. 521; and Esp. Ev.

Mr. Wallach, contra, cited 1 Holt, N. P. 144; 3 Camp. 324; Williamson v. Clements, 1 Taunt. 523; Dangerfield v. Wilby, 4 Esp. 159; Brown v. Messiter, 3 Maule & S. 281; Anderson v. Robson, 2 Bay. 495; Meyer v. Barker, 6 Bin. 228, 234, 237, 238; Renner v. Bank of Columbia, 9 Wheat. [22 U. S.] 581.

THE COURT (CRANCH, Chief Judge, hesitating) permitted the secondary evidence to be given.

1 [Reported by Hon. William Cranch, Chief Judge.]

## ·Case No. 10,810. ·

### PATRIOTIC BANK v. WILSON.

[4 Cranch, C. C. 253.] 1

Circuit Court, District of Columbia. Nov. Term, 1832.

NOTES—ASSIGNMENT—PAYMENT BY STRANGER.

A person not a party to a note, who takes it up while lying in a bank under protest, and takes a receipt as in payment of the balance due upon the note, cannot, in an action in the name of the bank for his use, recover of the indorser; but if it was a sale or an assignment of the note to him, he may.

Lewis Johnson was indorser of a note of' H. Langley, discounted by the Patriotic Bank, which he could not get renewed because another note of Langley, upon which. $57 were due, ·was lying under protest in the same bank, indorsed by the defendant, [John A.] Wilson, in blank; he therefore paid the balance due upon that note, took it up, and. took the following receipt, indorsed thereon:· "Balance, $56.27. Received the above amount of fifty-six 27/100 dollars of Lewis Johnson,. October 19, 1829. H. T. Weightman, Cashier." For which amount the present suit is. brought in the name of the bank for his use.

THE COURT (nem. con.) instructed ·the jury that if they should be satisfied by the evidence, that the money was received by Mr. Weightman as payment of the note, this. suit could not be maintained upon it in the name of the bank; but if they should be of opinion that it was a sale. or an assignment· of the note, for a valuable consideration,. bona fide, then this suit might be maintained in the name of the bank for the use of Mr. Johnson.

## Case No. 10,811.

### PATRIOTIC BANK OF WASHINGTON v. FARMERS' BANK OF ALEXANDRIA.

[2 Cranch, C. C. 560.] 1

Circuit Court, District of Columbia. April Term, 1825.

NOTES — DUE ON SUNDAY—WHEN DEMAND TO BE MADE—CUSTOM.

If a bank receives a note to be collected according to the known and established mode of transacting business at that bank, it is not liable for damages by omitting to demand payment on Saturday, when the third day of grace was Sunday; it being the known and established mode of transacting business in that bank, in such a case, not to demand payment until Monday.

Action on the case for negligence, in omitting to demand payment on Saturday, when the third day of grace was Sunday. The· draft was dated on the 26th of June, 1818, at ninety days; and became payable on the 24th-27th of September. The declaration averred that "the defendants received the bill to be collected according to the known

1 [Reported by Hon. William Cranch, Chief· Judge.]